FILED

APR - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Janie Chuang, Esq.
Supervising Attorney
International Human Rights Law Clinic
American University
Washington College of Law
4801 Massachusetts Ave. NW
Washington, D.C. 20016

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN WARU, *International Human Rights Clinic, American University, 4801 Massachusetts Ave, NW, Washington, DC 20016* <br> Plaintiff <br> vs. <br><br> NIMISHA MADHVANI, AMIT MADHVANI, NEETA MADHVANI <br><br> Defendants. | CIVIL ACTION NO. <br><br> **COMPLAINT** <br> CASE NUMBER 1:05CV00662 <br> JUDGE: Emmet G. Sullivan <br> DECK TYPE: Labor/ERISA (non-employment <br> DATE STAMP: 04/01/2005 |

PRELIMINARY STATEMENT

1.     This is an action by a victim of human trafficking who suffered violations of her human rights at the hands of the Defendants. Susan Waru was brought into this country under false promises of fair pay and humane treatment. Defendants lured Susan from her home in Uganda and they promised her that she would receive fair compensation and have the opportunity to go to school in the United States. The reality turned out to be much different.

2.     Upon her arrival in the United States, Defendants confiscated Susan's passport and visa. Defendants subjected her to four and half years of backbreaking labor, threats and coercion. Susan believed that she would be deported or arrested if she left their home.

- 1 -

Defendants' actions forced Susan into involuntary servitude and denied her basic rights to freedom and fair pay.

3. Plaintiff brings this action to secure and vindicate the fundamental rights afforded to her under federal and state law.

4. The Plaintiff seeks monetary damages to the fullest extent permitted by law for these horrific violations of her basic rights.

## PARTIES

5. Plaintiff Susan Waru is an individual who is a citizen of Uganda.

6. Defendant Nimisha Madhvani is an individual who is a resident of Washington, DC and a citizen of Uganda.

7. Defendant Amit Madhvani is an individual who is a resident of Virginia and a citizen of the United States. Defendant Neeta Madhvani is an individual who is a resident of Virginia and a citizen of the United States.

8. Defendant Nimisha Madhvani and Defendant Amit Madhvani are sister and brother.

9. Defendant Amit Madhvani and Neeta Madhvani are husband and wife.

## JURISDICTION

10. This Court has subject matter jurisdiction over the claims presented herein pursuant to: Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); 28 U.S.C. § 1965; and 28 U.S.C. §§ 1331, 1337 and 1350. Supplemental jurisdiction over Plaintiff's claims under District of Columbia law is conferred by 28 U.S.C. § 1367.

## VENUE

11.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because this is the District in which Plaintiff's claims arose and the district where the Defendants maintain a residence.

## FACTS

12.     Plaintiff was born in 1980 and lived the majority of her life in Kakira, a company town, on the Defendants' estate in Uganda.

13.     In early 1999, Plaintiff was approached by Defendants Nimisha Madhvani, Amit Madhvani and Neeta Madhvani who asked Plaintiff to work as a domestic worker in the United States. Plaintiff desired to seek temporary gainful employment abroad so that she could support her family in Uganda.

14.     Under her agreement with the Defendants, Plaintiff was to work in their households and earn $1500 USD per month and would be provided with schooling, food and lodging in the United States. Defendant Nimisha Madhvani made Plaintiff sign an agreement which she was not allowed to read nor was it explained to her. Defendant Nimisha Madhvani applied for and received Plaintiff's passport but did not give the passport to Plaintiff.

15.     Plaintiff was granted a domestic worker visa (A-3 visa) to work for Defendant Nimisha Madhvani. Defendant Nimisha Madhvani is an employee of the Embassy of Uganda and because of her position, she is permitted to apply for a non-immigrant A-3 visa to employ a domestic worker in the U.S.

16.     In April of 1999, Plaintiff arrived in the United States with Neeta Madhvani.

17. Plaintiff worked and lived for four and a half years in both Defendant Nimisha Madhvani's private residence in Washington, DC and Defendants Amit Madhvani and Neeta Madhvani's private residence in Virginia.

18. Defendants failed to pay Plaintiff appropriate wages for the work that Plaintiff performed in their residences.

19. Defendants threatened and coerced Plaintiff into staying at the Madhvani residences. Plaintiff was not permitted to communicate with outsiders or even answer the door or telephone. Defendant Nimsha Madhvani opened all mail sent to Plaintiff.

20. Defendants intentionally confined Plaintiff to their homes by not allowing her to communicate with outsiders or even answer the door or telephone, threatening her as to what would result if she tried to leave, and confiscating her passport.

21. Based upon these actions, Defendants created circumstances that resulted in a belief by Plaintiff that she had no choice but to remain in Defendants' homes and continue working.

22. Plaintiff was required to work seven days a week, she was on-call for the Defendants 24 hours per day and she was not given breaks during the day.

23. Defendants forced Plaintiff to clean their friends' homes and Plaintiff was not properly compensated for this work.

24. Defendants did not permit Plaintiff to take vacations. Plaintiff was not given holidays or weekends off.

25. Defendants did not provide a room for the Plaintiff and instead forced her to sleep on the floor.

- 4 -

26. Defendants repeatedly threatened Plaintiff that she would suffer harm if she left their employment.

27. Plaintiff suffered emotional and monetary injuries as a result of the Defendants' actions and omissions described above.

## SUSPENSION OF STATUTES OF LIMITATION

28. Any statute of limitations relating to the causes of action alleged in this complaint on behalf of Plaintiff have been suspended for the period of Plaintiff's false imprisonment and for a reasonable time period following her release. Plaintiff was unaware of her rights and unable to seek appropriate remedies, including the filing of a lawsuit during such time period.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

30. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), Defendants were obligated to pay Plaintiff at least the minimum wage for each hour that Plaintiff worked.

31. Defendants failed to pay the Plaintiff at least $5.15 for each hour of work time as required by the FLSA.

32. As a result of Defendants' violation of the FLSA's minimum wage requirement, Plaintiff is entitled to recover the amount of unpaid minimum wage due, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PAY MINIMUM WAGE AND OVERTIME UNDER THE DISTRICT OF COLUMBIA LABOR LAWS

33. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

34. Defendants failed to pay Plaintiff the minimum wage required by the District of Columbia Wage and Hour Law, D.C. Code § 32-1003 et seq.

35. As a result of Defendants' violation of District of Columbia minimum wage requirement, Plaintiff is entitled to $6.15 per hour for forty hours of working time and 1 1/2 times the minimum wage for each hour in excess of forty hours in any week.

36. Plaintiff is entitled to recover the full amount of such minimum wage, together with costs and reasonable attorney's fees. D.C. Code § 32-1012.

## COUNT III

## FAILURE TO PAY MINIMUM WAGE AND OVERTIME UNDER VIRGINIA STATE LABOR LAWS

37. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

38. Defendants failed to pay Plaintiff the minimum wage required by the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.10 et seq.

39. As a result of Defendants' violation of Virginia minimum wage requirements, Plaintiff is entitled to $5.15 per hour for forty hours of working time and 1 1/2 times the minimum wage for each hour in excess of forty hours in any week.

40. Plaintiff is entitled to recover the full amount of such minimum wage plus interest at eight per centum per annum upon such unpaid wages as may be due to the plaintiff, together with costs and reasonable attorney's fees. Va. Code Ann. § 40.1-28.12.

## COUNT IV

## BREACH OF CONTRACT

41. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

42. Plaintiff and Defendants agreed to a contract which provided that Defendants would be Plaintiff's employer. The contract also specified the duration of Plaintiff's employment and a particular wage.

43. Plaintiff relied on the promises contained in the contract in agreeing to travel to the United States.

44. Plaintiff fully performed under the contract, by working as a domestic worker in the Madhvani household as verbally demanded by the Defendants.

45. Defendants breached the contract by failing to pay Plaintiff the amount stipulated in the contract.

46. As a result of Defendants' breach, the Plaintiff suffered the loss of all the wages withheld from her during the time of employment.

## COUNT V

## FRAUD

47. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

48. Defendants made material misrepresentations to Plaintiff about the working conditions that the Plaintiff would be subjected to in the United States. Defendants stated to Plaintiff that she would receive compensation in exchange for serving as a domestic worker in the home of Nimisha Madhvani.

- 7 -

49. Defendants had knowledge of the falsity of the misrepresentations that they made to Plaintiff.

50. Defendants made these misrepresentations with the intent that the Plaintiff would rely on these misrepresentations to her detriment.

51. Defendants' purpose in making the false representations was to induce the Plaintiff to come to the United States, in reliance on this misrepresentation, so that Defendants could take control over Plaintiff's person and force her to labor without proper wages.

52. Plaintiff was injured as a result of her reliance on the Defendants' false statements and misrepresentations, which caused her to come to the United States to be subjected to exploitation of her labor and suffer abuses by the Defendants.

53. Plaintiff is entitled to compensatory and punitive damages in amount to be proven at trial.

## COUNT VI

### VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2003

54. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

55. Defendants knowingly transported and harbored the Plaintiff so as to obtain her labor and services, without compensation, through threats of violence and legal coercion within the meaning of the Forced Labor and Trafficking Provisions of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589-1590.

56. Defendants knowingly recruited, transported, provided and obtained the Plaintiff for her labor and services to the Madhvani family.

57. As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount to be proven at trial, including but not limited to the full amount of Plaintiff's losses and reasonable attorney's fees.

## COUNT VII

## VIOLATION OF THE LAW OF NATIONS

58. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

59. The Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA") states: "The district courts shall have original jurisdiction of any civil actions by an alien for a tort only, committed in violation of the Law of Nations..."

60. Plaintiff, as a citizen of Uganda, is an "alien" within the meaning of the ATCA.

61. The Law of Nations has been incorporated under United States law and encompasses a set of international norms with definite content and acceptance among the international community, including but not limited to the norms set forth hereinabove.

62. By engaging in the conduct alleged hereinabove, Defendants have committed torts in violation of the Law of Nations and customary international law by, *inter alia*, requiring the Plaintiff to engage in involuntary servitude and other contemporary manifestations of slavery, including false imprisonment. Such violations of the Law of Nations are actionable under ATCA.

63. By engaging in the conduct alleged hereinabove, Defendants have committed torts in violation of the Law of Nations, which are recognized both as separate claims under universally-accepted principles of international law and under the following universally-recognized international documents:

(a) **Universal Declaration of Human Rights**, U.S., Dec. 10, 1948, U.N. General Assembly, G.A. Res. 217A, U.N. GAOR, 3rd Sess., Pt. I, Resolutions, at 71, U.N. Doc. A/810 (1948).

Article 4 of this document states:

> No one shall be subjected to servitude; slavery and the slave trade shall be prohibited in all their forms.

Article 5 of this document states:

> No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.

Article 23 of this document states:

> Everyone has the right to work, to free choice of employment, to just and favourable conditions of work and to protection against unemployment.

Article 24 of this document states:

> Everyone has the right to rest and leisure, including reasonable limitation of working hours and periodic holidays with pay.

(b) **International Covenant on Civil and Political Rights**, U.S., June 8, 1992, 993 U.N.T.S. 171.

Article 8 of this document states:

> (1) No one shall be held in slavery; slavery and the slave-trade in all their forms shall be prohibited.
>
> (2) No one shall be held in servitude.
>
> (3) No one shall be required to perform forced or compulsory labour....

(c) **American Convention on Human Rights**, U.S., June 1, 1977, 1114 U.N.T.S. 123.

Article 6 of this document states:

> (1) No one shall be subject to slavery or involuntary servitude, which are prohibited in all their forms, as are the slave trade and traffic in women.
>
> (2) No one shall be required to perform forced or compulsory labor....

   **(d) Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights,** concluded at San Salvador, Nov. 17, 1988, O.A.S.T.S. No. 69.

Article 7 of this document states:

> The States Parties to this Protocol recognize that the right to work which the forgoing article refers presupposes that everyone shall enjoy that right under just, equitable and satisfactory conditions, which the States Parties under take to guarantee in their internal legislation, particularly with respect to:
>
> (a) Remuneration which guarantees, as a minimum, to all workers dignified and decent living conditions for them and their families and fair and equal wages for equal work, without distinction;
>
> [...]
>
> (e) Safety and hygiene at work;
>
> [...]
>
> (g) A reasonable limitation of work hours, both daily and weekly. The days shall be shorter in the case of dangerous or unhealthy work or of night work;
>
> (h) Rest, leisure and paid vacations as well as remuneration for national holidays.

   **(e) Declaration on the Elimination of Violence Against Women,** U.N., Dec. 30, 1993, G.A. Res. 48/104, U.N. GAOR, 48th Sess., Supp. No. 49, at 217, U.N. Doc. A/Res/48/104 (1994).

Article 3 of this document states:

> Women are entitled to the equal enjoyment and protection of all human rights and fundamental freedoms in the political, economic, social, cultural, civil or any other field. These rights include, *inter alia*:
>
> (c) The right to liberty and security of person;
>
> [...]
>
> (g) The right to just and favourable conditions of work;
>
> (h) The right not to be subjected to torture, or other cruel, inhuman or degrading treatment or punishment.

Article 2 of this document states:

> Violence against women shall be understood to encompass...

- 11 -

(b) Physical, sexual and psychological violence occurring with the general community, including rape, sexual abuse, sexual harassment and intimidation at work, in educational institutions and elsewhere, trafficking in women and forced prostitution.

(f) Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in which They Live, G.A. res. 40/144. annex. 40 U.N. GAOR Supp. (No. 53) at 252, U.N. Doc. A/40/53 (1985).

Article 6 of this document states:

No alien shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.

Article 8 of this document states:

Aliens lawfully residing in the territory of a State shall also enjoy:

(a) The right to safe and healthy working conditions, to fair wages.

64. The Defendants committed the acts maliciously and oppressively with the wrongful intention of injuring the Plaintiff, with the motive amounting to malice and a disregard to the Plaintiff's rights, which entitles the Plaintiff to recover punitive damages in amounts to be proven at trial.

## COUNT VIII

## FALSE IMPRISONMENT

65. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

66. The Defendants knowingly restrained Plaintiff through threats and coercion so as to deprive her of her liberty and force her to continue laboring for them.

67. As a proximate result of the Defendants' conduct, Plaintiff has suffered damage in an amount to be proven at trial.

68. The Defendants committed this act maliciously, with the wrongful intention of causing harm to the Plaintiff and consciously disregarded Plaintiff's rights. Plaintiff

is thus entitled to recover additional exemplary damages from Defendants in an amount to be established at trial.

## COUNT IX

### INVOLUNTARY SERVITUDE

69. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

70. Plaintiff brings this claim for involuntary servitude under the private cause of action implied under the Thirteenth Amendment to the United States Constitution.

71. Defendants knowingly forced the Plaintiff to work through threats and legal coercion. Defendants forced the Plaintiff to work for the Defendants for little or no pay, through threats and legal coercion manifested in the misuse of her passport and threats of harm that would result should Plaintiff leave the Defendants' residences.

72. Through the conduct of Defendants alleged herein, acting individually and in concert, Defendants caused Plaintiff to have and to believe she had no way of avoiding continued service or confinement in violation of the Thirteenth Amendment's prohibition on involuntary servitude

73. Defendants held Plaintiff in a condition of involuntary servitude set forth hereinabove.

74. Defendants committed these acts maliciously and oppressively with the wrongful intention of injuring the Plaintiff, with the motive amounting to malice and a disregard to the Plaintiff's rights, which entitles the Plaintiff to recover punitive damages in amounts to be proven at trial.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

76. Defendants acted with an intent to cause Plaintiff emotional distress by, among other things, repeatedly threatening Plaintiff that she would suffer harm if she left either of the Madhvanis' homes or refused to work for the Madhvani family.

77. Defendants acted with a reckless disregard for the high probability that emotional distress would occur by, among other things, threatening Plaintiff with physical harm, prohibiting contact with anyone outside the Madhvani home, and subjecting Plaintiff to abhorrent work conditions.

78. Defendants' actions toward Plaintiff were extreme and outrageous in nature and utterly intolerable in a civilized society.

79. As a proximate result of the said conduct, Plaintiff has suffered and continues to suffer severe mental distress, humiliation, and emotional injuries, as well as economic loss.

80. Defendants committed the acts maliciously and oppressively with the wrongful intention of injuring Plaintiff, with the motive amounting to malice and a disregard to Plaintiff's rights, which entitles Plaintiff to recover punitive damages in amounts to be proven at trial.

## COUNT XI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

81. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

82. Defendants negligently engaged in outrageous conduct towards Plaintiff and caused the Plaintiff to suffer severe emotional distress.

83. Defendants owed a duty to Plaintiff because it was foreseeable that a domestic worker forced to work many hours with little or no pay, isolated from the outside world, and subjected to threats would suffer serious mental distress.

84. Defendants breached their duty to the Plaintiff by negligently engaging in the conduct described herein.

85. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, and emotional injuries, as well as economic loss, all to her damage in amounts to be proven at trial.

## COUNT XII

### UNJUST ENRICHMENT

86. Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

87. Defendants have been unjustly enriched because they failed to pay Plaintiff the value of her labor.

88. Plaintiff has been damaged by the unjust enrichment enjoyed by Defendants as a result of their wrongful conduct.

89. It would be inequitable for Defendants to be permitted to retain such benefits without paying Plaintiff the value of the benefit conferred.

90.     Plaintiff demands restitution and judgment against the Defendants in the amount determined at trial, together with interest, exemplary or punitive damages, attorney's fees, and the cost of this action.

## COUNT XIII

## QUANTUM MERUIT

91.     Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

92.     Plaintiff has conferred significant benefits upon Defendants by performing all the above-mentioned labor for the Defendants.

93.     Defendants did not tender the minimum wage to the Plaintiff.

94.     Defendants are liable under quantum meruit for the services that Plaintiff provided.

95.     The Plaintiff is entitled to compensation for the value of her labor and services, together with interest, exemplary or punitive damages, attorney's fees, and the cost of this action.

## COUNT XIV

## FOR ATTACHMENT

96.     Plaintiff realleges and incorporates the averments of the foregoing paragraphs as though set forth fully at length herein.

97.     Based upon Counts I - XIV and the supporting facts of the case, there is a high probability that final judgment will be rendered in favor of Plaintiff.

98.     Statutory grounds exist under D.C. Code § 16-507 for the issuance of writs of attachment against real and personal property owned by Defendants in the District of Columbia.

99. Statutory grounds exist under Va. Code Ann. § 8.01-533 for the issuance of writs of attachment against real and personal property owned by Defendants in the Commonwealth of Virginia.

100. Plaintiff would be entitled to an order of arrest before judgment in a civil action grounded in contract against Defendants because they fraudulently contracted for Plaintiff's services by misleading Plaintiff as to the nature of her work in the United States. This fraudulent representation on the part of the Defendants caused Plaintiff to travel to the United States under false pretenses and to be subjected to exploitation and abuse by the Defendants.

101. Plaintiff would be entitled to an order of arrest before judgment in a civil action grounded in tort against Defendants because they committed willful and malicious acts toward Plaintiff.

102. Defendants have real and/or personal property at specific locations in the District of Columbia and the State of Virginia which are subject to attachment, including 700 New Hampshire Avenue, NW, Washington, DC 20037 and a residence in the Carlisle House at 2151 Jamieson Avenue, Alexandria, VA 22314.

103. By reason of the forgoing, a writ of attachment should issue attaching for Plaintiff's benefit all assets of Defendants, including, but not limited to, the real estate referenced above and any other property in which they have an interest.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant her the following relief on each count above:

(a) Compensatory damages;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs;

(d) Issuance of a writ of attachment;

(e) Such other and further relief as this Court deems just.

Respectfully submitted,

*Janie Chuang* CR
_____
Janie Chuang DC Bar
Supervising Attorney
International Human Rights Law Clinic
American University
Washington College of Law
4801 Massachusetts Avenue, NW
Washington, DC 20016
D.C. Bar #466220

Attorney for the Plaintiff

Of Counsel:

*Kerri*
_____
Kerri Sherlock, Esq.
Break the Chain Campaign
733 15th Street, NW, Suite 1020
Washington, DC 20005
D.C. Bar #480873

*Jennifer Ober*                                    *Claudia Roda*
_____         _____
Jennifer Ober, Student Representative      Claudia Roda, Student Representative
International Human Rights Law Clinic      International Human Rights Law Clinic
American University                                American University
Washington College of Law                   Washington College of Law
4801 Massachusetts Avenue, NW        4801 Massachusetts Avenue, NW
Washington, DC 20016                         Washington, DC 20016

Dated: April 1, 2005