## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUSAN WARU,

               Plaintiff,

    *v.*

NIMISHA MADHVANI, AMIT
MADHVANI, AND NEETA MADHVANI,

               Defendants.

Civil Action no. 1:05CV00662 (ES)

### MOTION OF DEFENDANT NIMISHA MADHVANI
### TO QUASH SERVICE AND DISMISS THE COMPLAINT
### ON GROUNDS OF DIPLOMATIC IMMUNITY

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2), and Local Civil Rule 7,

Defendant Nimisha Madhvani ("Ms. Madhvani") moves to quash service of the Summons and

Complaint and dismiss the Complaint with prejudice on grounds of diplomatic immunity as

provided by the Diplomatic Relations Act, 22 U.S.C. § 254d.  The grounds for Ms. Madvani's

motion are set forth in the supporting Memorandum of Points and Authorities and the

Certification from the Department of State which is attached thereto as Exhibit A.

DATED:  May 13, 2005

EPSTEIN BECKER & GREEN, P.C.

Minh N. Vu (Bar No. 444305)
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-0900
(202) 296-2882 (fax)

Counsel for Defendant
Nimisha Madhvani

Of Counsel:  Robert S. Groban, Jr.

DC:288885v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUSAN WARU,<br><br>                Plaintiff,<br><br>    *v.*<br><br>NIMISHA MADHVANI, AMIT<br>MADHVANI, AND NEETA MADHVANI,<br>                Defendants. | Civil Action no. 1:05CV00662 (ES) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT NIMISHA MADHVANI'S MOTION
TO QUASH SERVICE AND DISMISS THE COMPLAINT
<u>ON GROUNDS OF DIPLOMATIC IMMUNITY</u>**

Defendant Nimisha Madhvani ("Ms. Madhvani") submits this memorandum in support of

her motion, pursuant to Fed. R. Civ. P. 12(b)(1) and (2), to quash service and dismiss the

Complaint with prejudice on grounds of diplomatic immunity as set forth in the Diplomatic

Relations Act, 22 U.S.C. § 254d.  As stated in the accompanying Certification from the

Department of State, Ms. Madhvani has served as the First Secretary for the Embassy of Uganda

from 1993 to the present.  Since the plaintiff's allegations all relate to events that allegedly

occurred during the time Ms. Madhvani served as a diplomatic agent and to Ms. Madhvani's

daily living activities as a diplomatic agent, Ms. Madhvani is immune to suit and this case must

be dismissed.

<u>STATEMENT OF FACTS</u>

Ms. Madhvani is the First Secretary at the Embassy of Uganda.  She has held this

position continuously since 1993.  During this period, Ms. Madhvani has entered and remained

in the United States in A-1 nonimmigrant diplomatic status. See Exhibit A (Certification from Department of State dated April 28, 2005 (with seal)).

According to the Complaint, plaintiff -- a citizen of Uganda --came to the United States in 1999 under an A-3 visa issued to her solely for the purposes of working as Ms. Madhvani's personal domestic servant in the United States. In June 2003, Plaintiff left Ms. Madhvani's employ, in violation of the terms of her A-3 visa. Plaintiff has been a fugitive and her whereabouts have been unknown since that time. Indeed, Plaintiff has filed a motion requesting permission to withhold from the Court her address which is required by Local Rule 5.1(e)(1).[1]

Plaintiff further alleges that Ms. Madhvani and the other two defendants fraudulently induced her to come to the United States, failed to pay her the minimum wage and overtime wages, and subjected her to false imprisonment and various threats of unspecified harm. Based on these fanciful allegations -- all of which Ms. Madhvani vigorously denies -- Plaintiff alleges fourteen different causes of action under state and federal law.

## ARGUMENT

The Court must dismiss with prejudice all causes of action that have been asserted against Ms. Madhvani because she plainly has full immunity from suit under the Diplomatic Relations Act. See Tabion v. Mufti, 73 F.3d 535, 538-39 (allegations of mistreatment and wage violations by a personal servant against diplomat dismissed on diplomatic immunity grounds), cited with approval by Logan v. Dupuis, 990 F. Supp. 26, 30 (D.D.C. 1997).

The Diplomatic Relations Act states: "Any action or proceeding brought against an individual who is entitled to immunity with respect to the Vienna Convention on Diplomatic Relations, under section 254b privileges and immunities, or under any other laws extending

---

[1]     In the unlikely event that the Court allows this case to proceed, Ms. Madhvani would oppose this motion.

diplomatic privileges and immunities, shall be dismissed." 22 U.S.C. § 254d.  The attached

Certification from the State Department states:

> Mrs. Nimisha J. Madhvani-Chandaria was duly notified to the Department of State as First Secretary (Public Relations and Commercial) at the Embassy of Uganda on September 17, 1993. She continues to serve in that capacity.  As a diplomatic agent notified to the Department of State, Mrs. Madhvani-Chandaria is entitled to the privileges and immunities set forth in the Vienna Convention on Diplomatic Relations. . . .

See Exhibit A.   Article 31 of the Vienna Convention on Diplomatic Relations states that "[a]

diplomatic agent shall enjoy immunity . . . from civil and administrative jurisdiction," except in

three instances that are not present here.

The foregoing discussion makes clear that Ms. Madhvani is immune from suit and that

Plaintiff's Complaint against Ms. Madhvani must be dismissed.  See Carrera v. Carrera, 174 F.2d

496, 497-98 (D.C. Cir. 1949) (affirming dismissal of lawsuit brought against butler and

chauffeur whom the State Department had recognized as having diplomatic immunity); Aide v.

Yaron, 672 F. Supp. 516, 519 (D.D.C. 1987) (quashing service of process against diplomat under

the Diplomatic Relations Act even though the complaint sought relief relating to international

crimes); Knab v. Republic of Georgia, 1988 U.S. Dist. LEXIS 8820 (D.D.C. 1998) (dismissing

under Diplomatic Relations Act a lawsuit arising from automobile accident brought against a

diplomat).   See also Tabion v. Mufti, supra, 73 F.3d at 535, 538-39.

DC:288344v3

CONCLUSION

For the reason set forth above, Ms. Madhvani respectfully requests that the summons

served upon her be quashed and the Complaint be dismissed with prejudice.

DATED:  May 13, 2005                          EPSTEIN BECKER & GREEN, P.C.

                                              _____
                                              Minh N. Vu (Bar No. 444305)
                                              1227 25th Street, N.W.
                                              Washington, D.C. 20037
                                              (202) 861-0900
                                              (202) 296-2882 (fax)

                                              Counsel for Defendant
                                              Nimisha Madhvani

                                              Of Counsel:  Robert S. Groban, Jr.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2005, I served a copy of the following documents on Janie Chuang, International Human Rights Law Clinic, American University Washington College of Law, 4801 Massachussetts Ave., N.W., Washington, D.C.  20016 by hand delivery:

(1)    Motion of Defendant Nimisha Madhvani to Quash Service and to Dismiss the Complaint on Grounds of Diplomatic Immunity

(2)    Memorandum of Points and Authorities in Support of Motion of Defendant Nimisha Madhvani to Quash Service and to Dismiss the Complaint on Grounds of Diplomatic Immunity; and

(3)    Proposed Order.

Minh N. Vu